UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYCHENE SAAH, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-01206 |
| | § | |
| ELECTRIC INSURANCE COMPANY *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

The instant litigation arises out of the defendants' alleged non-payment of insurance benefits under the plaintiff's homeowners' insurance policy and their alleged mishandling of his claim for property damage filed after Hurricane Ike. Specifically, the plaintiff, Lychene Saah (the "plaintiff"), filed suit against the defendants, Electric Insurance Company d/b/a Electric Lloyd's of Texas ("Electric"), Property Claims Service ("Property"), John C. Schumann ("Schumann"), David W. Nelson ("Nelson") and Mark Levanthal ("Levanthal") (collectively, the "defendants"), on February 24, 2010, in the 11th Judicial District Court of Harris County, Texas, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, violations of Chapters 541 and 542 of the Texas Insurance Code, fraud and conspiracy to commit fraud. On April 14, 2010, Electric timely removed the state-court action to this Court. (*See* Dkt. No. 1).

Pending before the Court is the defendants' motion for partial dismissal pursuant to Rules 8, 9 and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 60). In their motion, the defendants insist that the plaintiff's claims fail to meet the pleading requirements imposed by the federal rules and "rests . . . on factual allegations that are pleaded in only the most vague

generalities and formulaic recitations of statutory language." (*Id.* at 1.) As such, they contend that the plaintiff's allegations "are precisely the sort of '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements that 'do not suffice' under the federal rules." (*Id.* at 1 - 2.) With regard to the plaintiff's allegations made in support of his misrepresentation and/or fraudulent conduct claims, the defendants argue that these allegations "come nowhere close to the particularity required for such claims under Rule 9(b)." (*Id.* at 2.) The plaintiff has filed a response in opposition to the defendants' motion, arguing that his claims are sufficient to meet the pleading requirements mandated by the federal rules. (Dkt. No. 61). After having carefully considered the motion, response, pleadings and the applicable law, the Court determines that the defendants' motion for partial dismissal should be GRANTED in part and DENIED in part.

## II.     MOTION TO DISMISS UNDER RULE 9(b)

The defendants move to dismiss the plaintiff's claims for statutory violations and fraudulent conduct, alleging that the plaintiff's allegations fall short of Rule 9(b)'s particularity requirement. A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)). Rule 9(b) specifically states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The particularity required for such pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). The

Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted)); *see also Southland § Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [] be laid out." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 742 (S.D. Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.")

In light of the consequences associated with a dismissal on the pleadings and the preference towards adjudicating a case on the merits, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plaints Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A district court might, nevertheless, "deny leave to amend a pleading if [it] determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. . . .'" *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. H-09-0672, 2009 WL 2900740, * 5 (S.D. Tex. Aug. 31,

2009) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) (footnote omitted) (other citation and quotation omitted)).

In the case *sub judice*, the plaintiff's allegations of fraud, conspiracy to commit fraud and violation of Chapter 541 of the Texas Insurance Code premised on the defendants' unfair settlement practice of misrepresenting material facts relating to the plaintiff's coverage, particularly Tex. Ins. Code § 541.060(a)(1), are insufficient to satisfy Rule 9(b)'s particularity requirement. Although the plaintiff insists in his response that his allegations are sufficient to comply with Rule 8 and Rule 9's pleading requirements, he, nevertheless, fails to set forth facts explaining "the who, what, when, where and how" relative to the defendants' alleged fraudulent representations or concealed material facts. Therefore, the defendants' motion to dismiss the plaintiff's claims of fraud, conspiracy to commit fraud, and violation of Tex. Ins. Code § 541.060(a)(1) is GRANTED for failure to comply with Rule 9(b)'s pleading requirements. The plaintiff, however, is hereby granted leave to amend his complaint to include allegations sufficient with Rule 9(b)'s requirements within 14 days of the date of entry of this Order.

### III.   MOTION TO DISMISS UNDER RULE 8

The defendants also seek dismissal of the plaintiff's claims under Rule 8. The sufficiency of a complainant's pleading under Rule 8 may also be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at * 2 (5th Cir. Oct. 9, 2006) (citing Wright & Miller, *supra*, § 1203 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) . . . .")). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint include "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). A dismissal is appropriate, however, only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

Here, the plaintiff alleges in his Original Petition that his roof sustained extensive damage as a result of Hurricane Ike, which, in turn, caused water damage throughout his home. He also makes the following additional allegations: Electric assigned Property, Schumann, Nelson and

Leventhal to adjust his claim; an inadequate and less than thorough inspection was performed by the defendant adjusters; Electric wrongfully denied his claim for repairs; Electric underpaid other claims by not providing full coverage for the damage sustained; Electric failed to pay him for additional living expenses; Electric continues to delay in the payment of damages associated with his claim; Electric failed to perform its contractual duties to adequately compensate him under the terms of the policy; Electric, Property, Schumann, Nelson and Levanthal misrepresented to him that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence;  Electric, Property, Schumann, Nelson and Levanthal failed to make an attempt to settle his claim in a fair manner, although they were aware of their liability to him under the policy; Electric, Property, Schumann, Nelson and Levanthal failed to explain to him the reasons for their denial of an adequate settlement; Electric, Property, Schumann, Nelson and Levanthal failed to affirm or deny coverage of his claim within a reasonable time; and otherwise failed to meet their obligation under the Texas Insurance Code. At this juncture, when taking these allegations as true and resolving them in the light most favorable the plaintiff, this Court finds that the plaintiff's allegations constitute "more than labels and conclusions" and are sufficient to give the defendants "fair notice" of what his claims are and the grounds upon which they rest.  Accordingly, the defendants' motion to dismiss the plaintiff's claims for failure to comply with Rule 8 is DENIED.

### IV. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for partial dismissal is GRANTED with respect to the plaintiff's claims of fraud, conspiracy to commit fraud and violation of Tex. Ins. Code § 541.060(a)(1); and DENIED with regard to the plaintiff's remaining claims.  The plaintiff is, nonetheless, granted leave to amend his pleading to include

...
...

allegations sufficient with Rule 9(b)'s requirements within **14 days of the date of entry of this Order**.

    It is so **ORDERED**.

    SIGNED at Houston, Texas this 31st day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge